IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WILLIAM PHILLIPS,** | § |
| *Plaintiff,* | § |
| v. | § CASE NO. 6:19-CV-00689-ADA-DTG |
| **CITY OF CEDAR PARK,** | § |
| *Defendant,* | § |

## REPORT & RECOMMENDATION

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Court dismiss the plaintiff's complaint for failure to prosecute his claims.

### I.   BACKGROUND

On December 5, 2019, the pro se plaintiff, William Phillips, filed this lawsuit against the defendant, the City of Cedar Park, under 42 U.S.C § 1983. Dkt. No. 3. The plaintiff then failed to request the issuance of summons or otherwise attempt service, and the Court ordered the plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. Dkt. No. 6. The order was mailed to the plaintiff's last known address but was returned to the Clerk's Office as undeliverable. The plaintiff has failed to provide any other address or contact information and no filings have been made since the Court issued the show cause order.

## II. ANALYSIS

A district court has the inherent authority to dismiss a suit if the plaintiff fails to prosecute his claims. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). When the applicable statute of limitations would bar future litigation, the dismissal operates as a dismissal with prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (citing *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014)). A dismissal with prejudice is appropriate when there is a "clear record of delay . . . by the plaintiff" and no lesser sanctions available to prompt diligent prosecution. *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

The forum state's general personal injury limitations period determines the statute of limitations for a § 1983 claim. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (citing *Owens v. Okure*, 488 U.S. 235, 250 (1989)). In Texas, a two-year statute of limitations applies. *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Therefore, the Court reviews this matter for dismissal with prejudice.

The plaintiff has taken no action in this case since its filing nearly six years ago. All attempts to encourage prosecution have failed, and there is no lesser sanction available to the Court. Therefore, the undersigned **RECOMMENDS** that the Court dismiss the plaintiff's complaint with prejudice for failure to prosecute.

## III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute his claims.

## IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 12th day of November, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE